**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ADOLPH RICHARD OTT WRIGHT,

        Plaintiff,

        v.

LUZERNE COUNTY, *et al.*,

        Defendants.

CIVIL ACTION NO. 3:24-CV-01859

(MEHALCHICK, J.)

**ORDER**

Before the Court are *pro se* Plaintiff Adolph Richard Ott Wright's ("Wright") motions labeled "Motion to Compel Jurisdiction Declaration on the Record with Particularity and Specific Authority" and "Motion to Reinstate and A Motion to Void Prior Luzerne County Judgments, Lack of Jurisdiction." (Doc. 30; Doc. 31). It is unclear what legal theory Wright's motions are based on.[1] A court must liberally construe *pro se* filings. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (stating "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established"); *see also Mickell v. Geroulo,*

---

[1] Throughout this litigation, Wright's various filings have asserted that state and federal courts lack jurisdiction over him and that the Court is misaddressing him. (Doc. 1; Doc. 2; Doc. 10; Doc. 11; Doc. 12; Doc. 14; Doc. 15; Doc. 17; Doc. 18; Doc. 23; Doc. 24; Doc. 25; Doc. 28; Doc. 30; Doc. 31). These filings appear to be based on a "sovereign citizen" theory in which a party claims that state and federal courts, along with other state and federal government entities, do not have jurisdiction over them outside of contractual relations. *See Wright v. Greene*, No. 3:25-CV-275, 2025 WL 712637, at *1 (M.D. Pa. Mar. 5, 2025); *see also Wright v. Thompson*, No. 3:23-CV-589, 2023 WL 3372397, at *1 (M.D. Pa. Apr. 11, 2023). To the extent Wright bases his motions on this theory, the Court notes that sovereign citizen theories are meritless. *See Roche v. Att'y Gen. of U.S.*, 420 F. App'x 124 (3d Cir. 2011) (nonprecedential) (rejecting an appeal from a sovereign citizen as meritless); *see also Thompson*, 2023 WL 3372397, at *1 (noting that motions and petitions based on "sovereign citizen" theories are frivolous); *see also Greene*, 2025 WL 712637, at *1 (same).

No. 3:19-CV-01730, 2020 WL 13613359, at *1 (M.D. Pa. June 19, 2020) (noting that a court must liberally construe *pro se* filings and liberally construing a filing as a motion for reconsideration). To the extent Wright's motions can be construed as motions for reconsideration, the Court finds that reconsideration is not warranted.

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

On February 4, 2025, Magistrate Judge Susan E. Schwab issued a report and recommendation recommending that the Court dismiss Wright's complaint without prejudice for failure to state a claim, but grant Wright leave to amend. (Doc. 16). On April 22, 2025, the Court adopted the report as a decision of the Court and granted Wright until May 29, 2025, to file an amended complaint. (Doc. 22). Wright failed to file an amended complaint and instead filed various declarations that the Court did not have jurisdiction over him and was misaddressing him. (Doc. 23; Doc. 24; Doc. 25; Doc. 28). On September 29, 2025, the Court issued an order dismissing this action with prejudice and directing the Clerk of Court

to close the matter. (Doc. 29). Wright's current motions do not address the merits of the Court's previous findings and do not address his failure to file an amended complaint. (Doc. 30; Doc. 31). The Court will not reconsider its prior decision because Wright fails to provide the Court with "1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*, 176 F.3d at 677. Accordingly, Wright's motions are **DENIED**. (Doc. 30; Doc. 31).

**Dated: May 29, 2026**                                  **BY THE COURT:**

                                                         *s/Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States District Judge**